UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARIA ISABEL CASTILLO,

                        Plaintiff,

                -against-

WESTERN BEEF, INC.,

                        Defendant.
-----------------------------------------------------------------------X

                            MEMORANDUM OPINION
                             AND ORDER

                         CV 04-4967 (NGG) (ETB)

Before the Court is plaintiff's letter request for an order compelling defendant to produce items generated in connection with the psychiatric evaluation of the plaintiff, conducted pursuant to Rule 35, Fed. R. Civ. P., by a psychiatrist hired by the defendant. Defendant opposes the request on the ground that the doctor is defendant's consulting expert and will not be called to testify in this action, and therefore the requested items constitute attorney work product protected from discovery.

FACTS

On November 17, 2004, plaintiff filed the gender employment discrimination complaint in this action, pursuant to 42 U.S.C. §§ 2000e, et seq. and 42 U.S.C § 1981 and New York State Human Rights Law, against the defendant Western Beef, Inc. ("Western Beef"), complaining of acts of sexual harassment by a store manager, and acts of retaliation after she reported the alleged harassment. (Pl.'s Compl. at 3-4.)

On August 23, 2005, defendant noticed plaintiff for a psychiatric examination by Dr. Stuart B. Kleinman ("Dr. Kleinman"), pursuant to Federal Rule of Civil Procedure 35. (Notice of Examination Pursuant to F.R.C.P. Rule 35, from Jane Lauer Barker and Joseph J. Lynett,

1

Attorneys for Defendant, to Michael Faillace, Attorney for Plaintiff, annexed to letter from Michael Faillace to the undersigned, dated, October 17, 2005 ("Pl.'s Mot."). Plaintiff states that the parties agreed that plaintiff would attend the examination alone, and that defendant would provide the plaintiff with a copy of the report, test data, and video tape of the examination. (Pl.'s Mot. at 1.) The examination occurred on September 19, 2005. Two days later, the plaintiff requested a copy of the "test results, notes, video and audio tapes, and all other raw data" from the examination. (Id.) On October 5, 2005, after not receiving the requested material, plaintiff issued a final request. (Id.) Plaintiff argues that under Rule 35(b)(1), she is entitled to the material, even though the examining party does not intend to rely on it or intend to call the examiner as an expert. (Id. at 2.)

Defendant denies ever having agreed to produce the items, and contends that it was not required to produce the material because it did not intend to have Dr. Kleinman testify as an expert. (Id. at 1-2.) Defendant states that it did not ask Dr. Kleinman to prepare a report, and therefore, there is no report to produce. (Def.'s Letter to the undersigned dated October 19, 2005 ("Def.'s Opp'n"), at 1.) Defendant further contends that because Dr. Kleinman has not been designated as a testifying expert under Federal Rule of Evidence 702, his notes and any audio or video record of the examination are privileged attorney work product. (Id. at 1.)

<u>DISCUSSION</u>

The plaintiff is entitled to relief regardless of any agreement between the parties. The obligation arises from the relevant provisions of the Federal Rules of Civil Procedure, i.e. Rules 26(b)(4)(B), 35(b) and 26(b)(3).

I.    The Applicability of Federal Rule of Procedure 26(b)(4)(B): Discovery of a Non-Testifying Expert

Federal Rule of Civil Procedure 26(b)(4)(B) provides that

> a party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Rule 26(b)(4)(B), Fed. R. Civ. P.

The general rule limits discovery of consultative, as opposed to testifying, experts. Agron v. Trustees of Columbia Univ. in the City of N.Y., 176 F.R.D. 445, 449 (S.D.N.Y. 1997). Generally, courts in this jurisdiction have held that a non-testifying expert is immune from discovery. Monarch Knitting Machinery Corp. v. Fukuhara Industrial & Trading Co., Ltd., No. 85 Civ. 3412, 1998 WL 338106, at *2 (S.D.N.Y. 1998) (citing Chiquita Int'l Ltd. v. M/V Bolero Reefer, et al., No. 93 Civ. 0167, 1994 WL 177785, at *1 (S.D.N.Y. May 6, 1994)).

The rule, however, makes an express exception in situations such as here, where the discovery sought is a medical examiner's report produced in connection with an exam conducted under Rule 35. See Rule 26(b)(4)(B) quoted above. See also W.R. Grace & Co.-Conn. v. Zotos Int'l, No. 98-CV-838S(F), 2000 WL 1843258, at * 4 (W.D.N.Y. Nov. 2, 2000) (noting that even experts hired solely to provide assistance in anticipation of litigation or in preparation for trial are subject to discovery permitted under Fed. R. Civ. P. 35(b)).

II.     The Applicability of Federal Rule of Procedure 35(b): Discovery of an Examiner's
        Report and Federal Rule of Civil Procedure 26(b)(3): Work Product Privilege

Rule 35(b) provides that a party causing a mental or physical examination to be

conducted must deliver to the requesting party a copy of the examiner's report setting out the

examiner's findings, including results of all tests made, diagnoses and conclusions.  Rule 35(b),

Fed. R. Civ. P.  The examined party does not waive her right to receive a copy of the examining

physician's report by voluntarily submitting to the examination without court order.  Rule

35(b)(3), Fed. R. Civ. P. ("This subdivision applies to examinations made by agreement of the

parties, unless the agreement expressly provides otherwise.  This subdivision does not preclude

discovery of a report of an examiner or the taking of a deposition of the examiner in accordance

with the provisions of any other rule.").

Despite the provisions of Rules 35(b) and 26(b)(4)(B), the defendant here contends that

the items generated in connection with the doctor's exam are "privileged work product."  The

defendant provides no case law supporting this argument.

Having invoked its right to require the plaintiff to submit to a psychiatric examination,

the defendant is also bound by the correlative duty, codified at 35(b) "to deliver to the requesting

party (plaintiff) a copy of the detailed, written report of the examiner setting out the examiner's

findings, including results of all tests made, diagnoses and conclusions. . . ."  Rule 35(b)(1), Fed.

R. Civ. P.  The plaintiff is also entitled to depose the examining physician.  See Rule 35(b)(2).

See also Turner v. Hudson Transit Lines, Inc., No. 89 Civ. 4252, 1991 WL 12140, at *1

(S.D.N.Y. Jan. 30, 1991) (finding that, pursuant to Rule 35(b),  the defendants were obligated to

provide plaintiff with any report of their medical expert's examination of plaintiff, even if the

expert was not going to testify at trial); Goldberg v. Apcoa, Inc., No. Civ. A. 97-6088, 1998 WL

531822, at *1-2 (D.N.J. Aug. 24, 1998) (finding that the Rule 35(b) exception to Rule 26(b)(4)(B)'s prohibition of discovery of consultative experts "makes practical good sense. Physicians presumably are less involved in trial strategy than other types of experts, so that revealing their opinions and findings is not likely to intrude on counsel's thought processes.").

Finally, the defendant here argues that it cannot turn over a report because no report was produced. Rule 35(b) entitles the plaintiff to receive "the examiner's findings, including results of all tests made, diagnoses and conclusions. . . ." Thus, the defendant is directed to provide the plaintiff with a copy of the report, if any, or in the absence of a report, with the doctor's notes, test data, and any other documents generated in connection with the examination, within ten (10) days. The plaintiff is also authorized to pursue further discovery of defendant's expert through interrogatories or by deposition, if plaintiff so desires. <u>See</u> Rules 26(b)(4)(B), Fed. R. Civ. P., and 35(b)(2), set forth above.

III.   <u>Correction of Plaintiff's Deposition Transcript</u>

The plaintiff's deposition took place on August 29, 2005. Plaintiff speaks Spanish. She was deposed through a Spanish interpreter. During plaintiff's deposition, counsel for defendant informed plaintiff that she would "have an opportunity after the transcript is completed to review your testimony and make corrections, additions, or changes to it." <u>See</u> Pl.'s Mot., Exh. E, at 7-8.

Plaintiff claims that defendant has refused to permit a review and changes to the transcript, as authorized by Rule 30(e), Fed. R. Civ. P. That provision states:

> (e) Review by Witness; Changes; Signing.
>
> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by

> the officer that the transcript or recording is available in which to
> review the transcript or recording and, if there are changes in form
> or substance, to sign a statement reciting such changes and the
> reasons given by the deponent for making them. The officer shall
> indicate in the certificate prescribed by subdivision (f)(1) whether
> any review was requested and, if so, shall append any changes
> made by the deponent during the period allowed.

Plaintiff claims that the defendant's refusal to permit a review and changes to the transcript is based on the failure to comply with the thirty-day time period set forth in Rule 30(e). ( Id.) Defendant's counsel does not take this position on the motion. Instead, defendant's counsel contends that the plaintiff should be directed "to sign the English version, make changes in English and provide the reasons for those changes in English, produce to defendant her Spanish language translation of the deposition and her changes," and make herself available for a follow-up deposition upon defendant's request. (Def.'s Opp'n at 2.)

Rule 30(e) permits a witness, upon her request or that of a party to the litigation, to review the transcript of her deposition and to make changes "in form or in substance" within thirty days of notification by the court reporter that the transcript is ready for review. Rule 30(e), Fed. R. Civ. P. Whenever such changes are made, the deponent must sign a statement reciting the changes and the reasons for making them. Id. The original answer and the amended answer to the deposition questions remain part of the record and can be read at the trial. Usiak v. New York Tank Barge Co., 299 F.2d 808 (2d Cir. 1962).

Although the rule itself is somewhat ambiguous on the question of whether the deponent requesting amendment must sign the original, unamended deposition transcript, the Advisory Committee Notes suggest that she must. See Fed. R. Civ. P. 30(e), Advisory Committee Note to 1993 amendment ("Signature of the deponent will be required only if review is requested and

6

changes are made."). Additionally, several courts in this Circuit have interpreted Rule 30(e) to require a signature on the original transcript as well as the statement of changes. Marino v. Northwestern Mutual Life Ins. Co., 2001 WL 1537564, at *1 (S.D.N.Y. Dec. 3, 2001) (directing the deponent "to sign the transcript and any Rule 30(e) statement of changes and reasons"); Ellias v. N.Y. City Transit Authority, No. 95 Civ. 1083, 1997 WL 214968, at *2 (S.D.N.Y. April 28, 1997) (noting that a signature on the deposition is only required when the deponent requests review and amendment).

Accordingly, the plaintiff is directed to sign the original English language transcript, and to provide the defendant with a signed statement, in English, reciting her changes and the reasons for making them.

IV.    Defendant's Requests for a Copy of the Spanish Language translation of the Deposition and a Follow-Up Deposition

Defendant also requests a copy of the Spanish language translation of the deposition, prepared at the request of plaintiff's counsel. Assuming that there is a Spanish translation of the deposition, this would be attorney work product. Under Federal Rule of Civil Procedure 26, the court may order the production of materials "prepared in anticipation of litigation" only "upon a showing that the party seeking discovery has substantial need of the materials" and "that the party is unable without undue hardship to obtain the substantial equivalent." Rule 26(b)(3), Fed. R. Civ. P. The Spanish language translation of the deposition was prepared in anticipation of litigation, and is covered by the Rule 26 work product privilege. See In re Air Crash Disaster Near Warsaw, Poland on May 9, 1987, No. MDL 787, 1996 WL 684434, at *2 (E.D.N.Y. Nov. 19, 1996) (finding that document translations prepared by defendant were prepared in anticipation of litigation and were discoverable only upon a showing of substantial need and

undue hardship).  The defendant here had made no showing of substantial need or undue

hardship.  Accordingly, defendant's request that the plaintiff produce the Spanish language

translation of the deposition is denied.  There is no evidence that any changes have been made in

Spanish, and therefore the request for any such changes in Spanish and the reasons therefore, is

denied as premature.  I note, however, that the same reasoning as applicable to the Spanish

translation of the transcript would appear to be applicable to the changes, as well.

Finally, in connection with any changes to the transcript, the defendant requests that the

plaintiff make herself available for a follow-up deposition upon defendant's request.  "A court

may reopen deposition if the changes to the transcript are made without adequate reasons, or if

they are so substantial as to render the transcript incomplete or useless."  Desulma v. City of

New York, 98 Civ. 2078, 2001 WL 798002, at * 4 (S.D.N.Y. July 6, 2001)  See also Hlinko v.

Virgin Atlantic Airways, 96 Civ. 2873, 1997 WL 68563, at * 1 (S.D.N.Y. Feb 17, 1997).

The nature and extent of the changes the plaintiff intends to make are as of yet unknown.

It is therefore premature to require the plaintiff to submit herself to a follow up deposition based

on the information now before the court.  The request for a second deposition is therefore denied

without prejudice to renewal.

CONCLUSION

For the foregoing reasons, the defendant is directed to provide the plaintiff with a copy

of the physician's notes, along with any other documents and/or video/audio tapes generated by

the examining physician in connection with his examination of the plaintiff, within ten (10) days.

The plaintiff is authorized to review and sign the original English language transcript, and to

provide the defendant with a signed statement, in English, reciting any changes and the reasons

for making them, within ten (10) days.

Defendant's request that plaintiff produce a copy of the Spanish language translation of the deposition is denied on the ground that this constitutes attorney work product. Defendant's request for a second deposition of the plaintiff is also denied without prejudice to renewal.

SO ORDERED:

Dated: Central Islip, New York
      November 21, 2005

                                       /s/ E. Thomas Boyle
                                       E. THOMAS BOYLE
                                       United States Magistrate Judge