UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIA ISABEL CASTILLO

                 Plaintiff,

   -against-

WESTERN BEEF, INC.,

                 Defendant.
----------------------------------------------------------------X

**NOT FOR PUBLICATION**

MEMORANDUM AND ORDER

04 CV 4967 (NGG)(ETB)

GARAUFIS, District Judge.

By Memorandum Opinion and Order dated November 21, 2005 ("11/21/05 M&O"), Magistrate Judge E. Thomas Boyle ordered that Defendant Western Beef ("Defendant") disclose to Plaintiff Maria Isabel Castillo ("Plaintiff") "the doctor's notes, test data, and any other documents generated in connection with the examination, within ten (10) days," (11/21/05 M&O at 5), and that Plaintiff could pursue further discovery of Defendant's expert through interrogatories and by deposition. (Id.) Defendant objects to these findings pursuant to Fed. R. Civ. P. 72(a), and asks that this court to set aside and vacate Judge Boyle's order as clearly erroneous and contrary to law.

## I.    FACTUAL BACKGROUND

The factual allegations of this discovery dispute are substantially relayed in Judge Boyle's M&O, and shall be summarized here. On November 17, 2004, Plaintiff filed a complaint against Defendant, alleging gender employment discrimination in violation of, *inter alia*, Title VII, 42 U.S.C. §§ 2000e *et seq*.

On August 23, 2005, Defendant noticed plaintiff for a psychiatric examination by Dr. Stuart B. Kleinman ("Dr. Kleinman") pursuant to Fed. R. Civ. P. 35. (11/21/05 M&O at 1.) The

examination occurred on September 19, 2005. (Id.) Two days later, the Plaintiff demanded in writing production of "the test results, notes, video and audio tapes, and all other raw data from the examination of the plaintiff by Dr. Stuart Kleinman," from the examination. (Decl. of Jane Lauer Barker ("Barker Decl.") Ex. C at 1.) The Plaintiff made another demand for this information via electronic correspondence on October 5, 2005, to no avail. (Barker Decl. Ex. E, at 1.) On October 17, 2005, the Plaintiff sought discovery of the facts and opinions of Dr. Kleinman, and moved for an order pursuant to Fed. R. Civ. P. 35 compelling the production of "a copy of Dr. Stuart Kleinman's detailed written report, test results, notes, video and audio tapes, and all other raw data from the psychiatric examination of Plaintiff . . . ." (Id. Ex. F at 1.) In opposition to this motion, Defendant stated that Dr. Kleinman prepared no written report of the examination that might be subject to Rule 35 disclosure, and alleged that Dr. Kleinman is a "consulting expert" not subject to discovery pursuant to Fed. R. Civ. P. 26(b)(4)(B), and that "his notes and video record of the examination are privileged work product." (Id. Ex. G at 1.)

In his Memorandum and Order, Judge Boyle found that the Federal Rules require the Defendant to produce Dr. Kleinman's notes, data, and recordings of the examination, and that Plaintiff may depose and/or require Dr. Kleinman to answer interrogatories associated with the examination. Judge Boyle further required Defendant to make the appropriate disclosures within ten (10) days. (11/21/05 M&O at 3-5.) Defendant timely objected to the M&O, to which Plaintiff has filed no opposing papers.

## II. DISCUSSION

"Magistrate judges are given broad discretion to resolve nondispositive matters that come before them." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Management, Inc., 03-

CV-0531, 03-CV-1625, 2005 U.S. Dist. LEXIS 32116, at *3 (E.D.N.Y. June 28, 2005). However, if a party objects to an order by a magistrate judge in a non-dispositive pretrial matter pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

The crux of Defendant's objections are that Rule 35(b) does not require the disclosure of any materials beyond a "written report," and that Rule 26(b)(4)(B) limits the scope of discovery of a consultative non-testifying expert. (Def's Mem. Supp. Objections 3-7.)

Defendant's objections have no merit. In relevant part, Fed. R. Civ. P. 35(b) states that the examining party must "deliver to [Plaintiff] a copy of the detailed, written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions . . . ." Fed. R. Civ. P. 35(b). The language of this rule supports, and the cases cited by Defendant do not controvert, Magistrate Judge Boyle's conclusion that the rule's inclusion of "results of all tests made, diagnoses and conclusions" compels Defendant to produce Dr. Kleinman's notes, data, and recordings of the examination. Further, Rule 26(b)(4)(B) explicitly states that a non-testifying consultative expert may be subject to depositions and interrogatories "as provided in Rule 35(b) . . . ." Fed. R. Civ. P. 26(b)(4)(B). As a result, despite the limitations set forth in Rule 26 that prohibit fact and opinion discovery of a non-testifying consultative expert, the rule permits fact and opinion discovery of Rule 35(b) examining physicians such as Dr. Kleinman in the case at bar.

Therefore, I find that Judge Boyle's conclusions that Rule 35(b) obligates Defendant to produce the underlying materials of the examining physician and that Rule 26(b)(4)(B) does not

limit the right of the examined party to discover facts known or opinions held by the examining physician pursuant to Rule 35(b) is "based on an appropriate legal analysis and [his] determination is well within his discretion." Boyce v. Allied Interstate, Inc., No. CV-05-1596, 2005 U.S. Dist. LEXIS 22102, at *1-*2 (E.D.N.Y. Sept. 28, 2005).

## III.  CONCLUSION

Accordingly, Defendant's objections to the 11/21/05 M&O are overruled in all respects, and Defendant is directed to disclose all required documents within ten (10) days hereof.

SO ORDERED.

Dated: December 21, 2005        /s/ Nicholas G. Garaufis
Brooklyn, N.Y.                  Nicholas G. Garaufis
                                United States District Judge